nard and Johnson, sureties on the administrator's bond, demurred on the ground of misjoinder of parties and causes of action. From judgment overruling their demurrer, the defendants appealed.

The demurrer was properly overruled. C. S., 135; C. S., 456; and C. S., 507. *Leach v. Page,* 211 N. C., 622, 191 S. E., 349; *Robertson v. Robertson, ante,* 562.

Judgment affirmed.

LILLIE P. ALBRIGHT v. EDWIN W. PEARCE, ADMINISTRATOR C. T. A., D. B. N., OF THE ESTATE OF W. E. PHIPPS, DECEASED, AND JAMIE C. PHIPPS.

(Filed 31 May, 1939.)

APPEAL by defendants from *Grady, Emergency Judge,* at Special April Term, 1939, of GUILFORD.

Civil action to recover, after foreclosure of deed of trust, balance due on certain first mortgage real estate bonds secured thereby.

The case was heard below upon an agreed statement of facts. The controverted question is on defendants' plea of the one-year statute of limitations, Public Laws 1933, ch. 529, sec. 1, upon contention that this action was not instituted within one year next after the date of the foreclosure sale. With respect thereto the agreed statement shows these pertinent facts: After advertisement the property described in the deed of trust was offered for sale at public auction on 18 March, 1935. On the same day report of the highest bid submitted by proposed purchasers was made to the clerk of the Superior Court. There having been no advance bid within ten days next thereafter, the substitute trustee, on 29 March, 1935, upon payment of the purchase price, executed and delivered to the purchasers, who had submitted the highest bid, a deed for the property described in the deed of trust. Plaintiff instituted this action for deficiency judgment on 28 March, 1936.

The court below being of opinion that the action is not barred, rendered judgment in favor of the plaintiff.

Defendants appeal to the Supreme Court and assign error.

*Frazier & Frazier for plaintiff, appellee.*
*Moseley & Holt for defendants, appellants.*

PER CURIAM. The question here presented is controlled by the recent decision in the case of *Building & Loan Assn. v. Black, ante,* 400, 2 S. E., 2d, 6, by authority of which the judgment below is hereby

Affirmed.